IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

JORGE L DIAZ FIGUEROA                      CASE NO.: 08-007137 SEK

    DEBTOR                                 CHAPTER 13

ANSWER TO TRUSTEE'S MOTION TO DISMISS

TO THE HONORABLE COURT:

Comes now attorney for Debtor and respectfully alleges and prays as follows:

1. On December 19, 2008 the Trustee filed a Motion to Dismiss because Debtor had not complied with his findings and recommendations to amend Schedules A. B amd J, to amend the payment plan, and submit the complete documents requested.

2. In the minutes of the 341 hearing the Trustee requested that Schedule A be amended to increase the value of the Debtor's residence to $150,000.

3. Debtor hereby provides the Court and the Trustee a copy of a professional appraisal stating that in August 31, 1999 the value was $113,000.

4. Under the current economic situation where in the United States property values have decreased an average of 26 percent, it is reasonable to accept the current value of the property of $135,000 as claimed by the Debtor in Schedule A.

5. Puerto Rico is not immune to the economic problems facing the United States, the property values have decrease here also, and it would be feasible to believe the property is worth even

less that the $135,000 listed by the Debtor.

6. Trustee also requests Debtor to reduce the amount of electricity expenses from $225 in Schedule J to the $180 he declared in the 341 hearing; the Trustee finds that $100 for unexpected contingencies is excessive; that the recreation expenses are not justified; that payment of $100 for cellular telephone is excessive; that clothing expenses of $130 are excessive; and requests that the plan be increased accordingly.

7. In the Statement of current monthly income and calculation of commitment Period and Disposable Income [Form B22C] Debtor's income was above the state median. As such his expenses subscribe to the median expenses provided by the Internal Revenue Service in their continuing study of family expenses for national standards and local standards in Puerto Rico.

8. Line item 24A of Form 22(A) states that the National Standards for food, apparel and services, housekeeping supplies, and miscellaneous for a family of one is $507.00.

9. Line Item 25A states that the Local Standards in Puerto Rico for housing and utilities and non-mortgage expenses is $407.

10. Under these guidelines of the median local or national expenses of persons similarly situated, the Debtor's expenses cannot be deemed excessive.

11. The findings of the Courts in the cases of Kibbe v.

Sumsky of the US Bankruptcy Appellate Panel for the First Circuit, (BAP No. NH 06-019 of February 20, 2007), and in the case of Maney v. Kagenveama of the US Court of Appeals for the Ninth Circuit (No. 06-17083 of June 5, 2008) support Debtor's allegation that the projected disposable income should be based on Form B22C and not on the Trustees subjective standards.

12.    In page 10 of the Kibbe decision, the Bankruptcy Panel stated that they agree with the reasoning that "Form B22C must at least be the starting point for any determination of 'projected disposable income'. "In the event that a debtor's 'current monthly income' as set forth by Form B22C is substantially the same as the actual current income at the time of confirmation of the plan, less the Income Exclusions, the inquiry begins and ends with Form B22C" (emphasis ours).

13.    The income of the Debtor has not changed significantly from that stated in Form B22C, therefore the debtor's projected disposable income begins and ends with Form B22C.

14.    In the case of In re: Kagenveama the Circuit Court of Appeals for the Ninth Circuit found that the textual changes enacted by BAPCPA compel the conclusion that the revised "disposable income" test uses a formula to determine what expenses are reasonable necessary. See 11 U.S.C. § 1325(b)(2)-(3).

15.    The Court stated that this approach represents a deliberate departure from the old "disposable income" calculation, which was bound up with the fact and circumstances of the debtor's financial affairs.  The Court cited In re Farrar-Johnson, 353 B.R. 224, 231 (Bank. N.D. Ill. 2006) stating that "eliminating flexibility was the point: the obligations of Chapter 13 debtors would be subject to clear, defined standards, no longer left to the whim of a judicial proceeding".

16.    Based on these court cases the Trustee findings of excessive expenses should be denied.

17.    Furthermore the Trustee also objected the $300 for payment of support to additional dependents not living in your home -line item 15 of Schedule J.  The Debtor stated at the 341 hearing that "he invites all their (sic) grandsons & daughter for breakfast".

18.    Although this is true it is not every day, and it reflects a genuine concern for his offspring.  This is a very effective way to remain an influential force in their lives.

19.    The expense of line item 15 refers to Debtor's contribution to the university studies of his daughter.  Attached hereto is Debtors Statement Under Penalty of Perjury declaring that he provides financial support to his daughter who is very much dependent on his economic assistance.

20.     The motion to dismiss states that Debtor has failed to submit the complete documents requested. The minutes do not reflect that any documents were requested other than the amended plan and schedules.

21.     Under these circumstances, the Debtor believes he does not have to increase the base of his plan dated November 11, 2008 and request that it be confirmed.

**WHEREFORE**, the Debtor prays that this Honorable Court deny Trustee's motion to dismiss for the above stated reasons and confirm Debtor's plan dated November 11, 2008.

**CERTIFICATE OF SERVICE:** I hereby certify that on January 22, 2009 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notifications of such filing to the following: Alejandro Oliveras.

January 22, 2009

Sonia A. Rodríguez Rivera 117414
Otto E. Landrón Pérez 202706
Landrón & Rodríguez Law Offices
Attorneys for Debtor
PO Box 52044
Toa Baja PR 00950-2044
Tel 795-0390 / Fax 795-2693
Corozal: 802-3844 Tel & Fax
Email: landrodz@onelinkpr.net

E   !PV

# UNIFORM RESIDENTIAL APPRAISAL REPORT    File No. PJᴸ ᵥ 1281

## Property Description

| | |
|---|---|
| Property Address | 116-A, #10, 73-B ST., VILLA CAROLINA   City CAROLINA   State P.R.   Zip Code 00985 |
| Legal Description | SEE LEGAL DEED.    County CODE # 031 |
| Assessor's Parcel No. | NOT SUBMITTED BY LENDER   Tax Year 1999   R.E. Taxes $ 0.00   Special Assessments $ 0.00 |

**SUBJECT**

Borrower JORGE DIAZ    Current Owner JORGE DIAZ    Occupant: ☒ Owner ☐ Tenant ☐ Vacant
Property rights appraised ☒ Fee Simple ☐ Leasehold   Project Type ☐ PUD ☐ Condominium (HUD/VA only)   HOA $ N/A   /Mo.
Neighborhood or Project Name VILLA CAROLINA DEV.    Map Reference 088-011    Census Tract 505.12
Sale Price $ N/A   Date of Sale N/A   Description and $ amount of loan charges/concessions to be paid by seller UNK./N/A
Lender/Client PERSONAL    Address SAME AS ABOVE
Appraiser PEDRO LUIS JIMENEZ    Address PD-3, 275 ST., COUNTRY CLUB DEV., CAROLINA, PUERTO RICO

**NEIGHBORHOOD**

| Location | ☒ Urban | ☐ Suburban | ☐ Rural | Predominant occupancy | Single family housing | | Present land use % | Land use change |
|---|---|---|---|---|---|---|---|---|
| | | | | | PRICE $(000) | AGE (yrs) | | |
| Built up | ☒ Over 75% | ☐ 25-75% | ☐ Under 25% | | 85 Low 20 | | One family 80 | ☒ Not likely ☐ Likely |
| Growth rate | ☐ Rapid | ☒ Stable | ☐ Slow | ☒ Owner | 125 High 30 | | 2-4 family 3 | ☐ In process |
| Property values | ☐ Increasing | ☒ Stable | ☐ Declining | ☐ Tenant | Predominant | | Multi-family 3 | To: |
| Demand/supply | ☐ Shortage | ☒ In balance | ☐ Over supply | ☒ Vacant (0-5%) | 115 25 | | Commercial 9 | |
| Marketing time | ☐ Under 3 mos. ☒ 3-6 mos. | ☐ Over 6 mos. | | ☐ Vac.(over 5%) | | | VACANT 5 | |

**Note: Race and the racial composition of the neighborhood are not appraisal factors.**

Neighborhood boundaries and characteristics: TO THE NORTH; JOSE FIDALGO DIAZ AVE., TO THE SOUTH; SANCHEZ CASTANO AVE., TO THE EAST; ROBERTO CLEMENTE AVE; TO THE WEST;BLASINA DEEP BLASS. THIS IS A TYPICAL RESIS\DENTIAL

Factors that affect the marketability of the properties in the neighborhood (proximity to employment and amenities, employment stability, appeal to market, etc.): THERE ARE NO APPARENT FACTORS WHICH WOULD AFFECT THE SUBJECT'S MARKETABILITY. STEADY EMPLOYMENT MARKET HAVE BEEN OBSERVED DURING THE PAST YEAR. ADEQUATE ACCESS TO ALL NECESSARY SUPPORTING FACILITIES INCLUIDING SCHOOLS, SHOPPINGS, HOSPITALS, RECREATION AND EMPLOYMENT. THIS IS A MIDDLE INCOME SOCIO ECONOMIC NEIGHBORHOOD WITH AVERAGE INFRASTRUCTURE. NEAR TO PLAZA CAROLINA SHOPPING MALL, CAROLINA SHOPPING COURT AND CAROLINA REGIONAL HOSPITAL.

Market conditions in the subject neighborhood (including support for the above conclusions related to the trend of property values, demand/supply, and marketing time -- such as data on competitive properties for sale in the neighborhood, description of the prevalence of sales and financing concessions, etc.): SALES DATA SHOWS THAT THIS IS A STABLE MARKET WITH SUPPLY AND DEMAND IN BALANCE MARKETING TIME FOR REASONABLE PRICED PROPERTIES IS ESTIMATED AROUND 3 TO 6 MONTHS. NO SPECIAL LOAN DISCOUNTS, INTEREST BUYDOWNS OR SALES CONCESSIONS WERE FOUND. SUBJECT PROPERTY IS OVER PREDOMINANT VALUES DUE TO ADDITIONAL G.L.A. MARKETABILITY IS NOT AFFECTED SINCE OTHER PROPERTIES IN THIS DEV. ARE IMPROVING.

**PUD**

Project Information for PUDs (if applicable) - - Is the developer/builder in control of the Home Owners' Association (HOA)?   ☐ Yes ☐ No N/A
Approximate total number of units in the subject project   N/A    Approximate total number of units for sale in the subject project   N/A
Describe common elements and recreational facilities:   N/A

**SITE**

| | | | | |
|---|---|---|---|---|
| Dimensions SEE LEGAL DEED. | | | Topography | LEVEL AT STREET |
| Site area 412 SQ MT. x 10.76 = 4,433.12 S/F | | Corner Lot ☐ Yes ☒ No | Size | ADEQUATE |
| Specific zoning classification and description R-3 MEDIUM DENSITY RESIDENTIAL | | | Shape | RECTANGUAR |
| Zoning compliance ☒ Legal ☐ Legal nonconforming (Grandfathered use) ☐ Illegal ☐ No zoning | | | Drainage | APPEAR ADEQUATE |
| Highest & best use as improved: ☒ Present use ☐ Other use (explain) | | | View | STREET |

| Utilities | Public | Other | Off-site Improvements | Type | Public | Private | | |
|---|---|---|---|---|---|---|---|---|
| Electricity | ☒ | CABLE TV | Street | ASPHALT | ☒ | ☐ | Landscaping | AVERAGE |
| Gas | ☐ | INDIVIDUAL | Curb/gutter | CONCRETE | ☒ | ☐ | Driveway Surface CONCRETE |
| Water | ☒ | | Sidewalk | CONCRETE | ☒ | ☐ | Apparent easements FOR PUBLIC UTILITIES |
| Sanitary sewer | ☒ | | Street lights | SODIUM BULB | ☒ | ☐ | FEMA Special Flood Hazard Area ☒ Yes ☐ No |
| Storm sewer | ☒ | | Alley | NONE | | | FEMA Zone A-7   Map Date 8/03/92 |
| | | | | | | | FEMA Map No. 720000-058-D |

Comments (apparent adverse easements, encroachments, special assessments, slide areas, illegal or legal nonconforming zoning use, etc.): NO ADVERSED FACTORS WERE OBSERVED AT THE DAY OF INSPECTION THAT AFFECT THE SUBJECT PROPERTY.THE PROPERTY IS LOCATED ON A PRONE TO FLOODING AREA AS PER FLOOD RATE MAP INSURANCE.

**DESCRIPTION OF IMPROVEMENTS**

| GENERAL DESCRIPTION | | EXTERIOR DESCRIPTION | | FOUNDATION | | BASEMENT | | INSULATION | |
|---|---|---|---|---|---|---|---|---|---|
| No. of Units | ONE | Foundation | REIN/CONC | Slab | YES 100% | Area Sq. Ft. | NONE | Roof | ☐ |
| No. of Stories | ONE | Exterior Walls | R-C/C-B | Crawl Space | NO OBS. | % Finished | N/A | Ceiling | ☐ |
| Type (Det./Att.) | DETACHED | Roof Surface | REIN/CONC | Basement | NO OBS. | Ceiling | N/A | Walls | ☐ |
| Design (Style) | RAMBLER | Gutters & Dwnspts. | PLASTIC | Sump Pump | NO OBS. | Walls | N/A | Floor | ☐ |
| Existing/Proposed | EXISTING | Window Type | ALUM/GLASS | Dampness | NO OBS. | Floor | N/A | None NONE | ☒ |
| Age (Yrs.) | 26 | Storm/Screens | NONE/YES | Settlement | NO OBS. | Outside Entry | N/A | Unknown | ☐ |
| Effective Age (Yrs.) | 12 | Manufactured House | NO | Infestation | NOT APPARENT | | | | |

| ROOMS | Foyer | Living | Dining | Kitchen | Den | Family Rm. | Rec. Rm. | Bedrooms | # Baths | Laundry | Other | Area Sq. Ft. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Basement | | | | | | | | | | | | NONE |
| Level 1 | | 1 | 1 | 1 | | | | 3 | 2 | | | 1,436 |
| Level 2 | | | | | | | | | | | | |

Finished area above grade contains:   8 Rooms;   3 Bedroom(s);   2 Bath(s);   1,436 Square Feet of Gross Living Area

| INTERIOR | Materials/Condition | HEATING N/A | KITCHEN EQUIP. | | ATTIC | | AMENITIES | | CAR STORAGE: | TWO |
|---|---|---|---|---|---|---|---|---|---|---|
| Floors | TERRAZO TILE/AVG | Type | Refrigerator | ☒ | None | ☒ | Fireplace(s) # NONE ☐ | | None ☐ | |
| Walls | PLASTER/ AVG. | Fuel | Range/Oven | ☒ | Stairs | ☐ | Patio YES | ☒ | Garage | # of cars |
| Trim/Finish | TERRAZO/AVG. | Condition | Disposal | ☐ | Drop Stair | ☐ | Deck NONE | | Attached | |
| Bath Floor | CERAMIC TILE/AVG. | COOLING N/A | Dishwasher | ☐ | Scuttle | ☐ | Porch 242 SF | ☒ | Detached | |
| Bath Wainscot | CERAMIC TILE/AVG. | Central | Fan/Hood | ☐ | Floor | ☐ | Fence CON/CYCLO | ☒ | Built-in | |
| Doors | GLASS/WOOD/AVG. | Other | Microwave | ☒ | Heated | ☐ | Pool NONE | ☐ | Carport | ONE EXT. |
| | | Condition | Washer/Dryer | ☐ | Finished | | | | Driveway | CONCRET |

Additional features (special energy efficient items, etc.): 408 SF EXT. CPT., 242 SF PCH., IRON GRILL, MIRROR DOORS IN ALL CLOSTES, 100 SF CONC. STORAGE, TWO STREET ACCESS, SOLAR WATER HEATER, REMODELATED KITCHEN & BATHS AND PAVED AREAS.

Condition of the improvements, depreciation (physical, functional, and external), repairs needed, quality of construction, remodeling/additions, etc.: NORMAL PHYSICAL DETERIORATION DUE TO TIME & WEAR. THE PROPERTY IS IN AVERAGE CONDITIONS. NO FUNCTIONAL OR ECONOMIC OBSOLESCENCE WAS OBSERVED. NO REPAIRS ARE NECESSARY. THE SUBJECT G.L.A. WAS INCREASED OVER TYPICAL.

**COMMENTS**

Adverse environmental conditions (such as, but not limited to, hazardous wastes, toxic substances, etc.) present in the improvements, on the site, or in the immediate vicinity of the subject property.: THERE ARE NO KNOWN OR APPARENT ENVIROMENTAL CONDITIONS WHICH COULD AFFECT THE PROPERTY VALUE NEGATIVELY

Form UA2 — "TOTAL 2000 for Windows" appraisal software by a la mode, inc. — 1-800-ALAMODE

# UNIFORM RESIDENTIAL APPRAISAL REPORT

Valuation Section     File No. PJI 281

## COST APPROACH

| | |
|---|---|
| ESTIMATED SITE VALUE .... 412 S/M @ 85 = $ | 35,000 |

Comments on Cost Approach (such as, source of cost estimate, site value, square foot calculation and for HUD, VA and FmHA, the estimated remaining economic life of the property): SITE VALUE IS BASED ON REVIEW OF RECENT SALES AND EXTRACTION TECHNIQUES SUPPORTED BY PAIRING ANALYSIS. THIS IS OVER 90 % BUILT-UP NEIGHBORHOOD. DEPRECIATION IS BASED ON AGE/LIFE METHOD REMAINING ECONOMIC LIFE 50 YEARS. SEE ATTACHED PROPERTY SKETCH.

ESTIMATED REPRODUCTION COST-NEW-OF IMPROVEMENTS:

| | | | |
|---|---|---|---|
| Dwelling | 1,436 Sq. Ft. @$ 50.00 | = $ | 71,800 |
| | 242 Sq. Ft. @$ 20.00 | = | 4,840 |
| SEE ADDITIONAL FEATURES... | | = | 12,000 |
| Garage/Carport 408 Sq. Ft. @$ 20.00 | | = | 8,160 |
| Total Estimated Cost New | | = $ | 96,800 |
| Less  Physical  Functional  External | | | |
| Depreciation 19,360 | | =$ | 19,360 |
| Depreciated Value of Improvements | | =$ | 77,440 |
| "As-is" Value of Site Improvements | | =$ | 1,500 |
| INDICATED VALUE BY COST APPROACH | | =$ | 113,940 |

## SALES COMPARISON ANALYSIS

| ITEM | SUBJECT | COMPARABLE NO. 1 | | COMPARABLE NO. 2 | | COMPARABLE NO. 3 | |
|---|---|---|---|---|---|---|---|
| Address | 116-A #10 73-B ST. VILLA CAROLINA DEV,CAROLINA | 7-13, 30 ST. VILLA CAROLINA, CAROLINA | | 10-19, 28 STREET VILLA CAROLINA,DEV. | | 80-10, 85 ST., VILLA CAROLINA,DEV. | |
| Proximity to Subject | | SAME DEV. | | SAME DEV. | | SAME DEV. | |
| Sales Price | $ N/A | $ 94,000 | | $ 85,000 | | $ 93,000 | |
| Price/Gross Living Area | $ | $ 85.38 | | $ 78.13 | | $ 79.83 | |
| Data and/or Verification Source | FIELD INSPECTION | LUIS ABREU DATA/FHA FIELD INSPECTION | | LUIS ABREU DATA/FHA FIELD INSPECTION | | LUIS ABREU DATA/FHA FIELD INSPECTION | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(−)$ Adjust. | DESCRIPTION | +(−)$ Adjust. | DESCRIPTION | +(−)$ Adjust. |
| Sales or Financing Concessions | | KNOWN UNKNOWN | | KNOWN UNKNOWN | | KNOWN UNKNOWN | |
| Date of Sale/Time | | 9/98 | | 3//99 | | 8/98 | |
| Location | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Leasehold/Fee Simple | FEE SIMPLE | EQUAL | | EQUAL | | EQUAL | |
| Site | 412 SM | 398/COR. | +1,190 | 340 S/M $95 | +6,120 | 391/COR | +1,785 |
| View | STREET | EQUAL | | EQUAL | | EQUAL | |
| Design and Appeal | RAMBLER | EQUAL | | EQUAL | | EQUAL | |
| Quality of Construction | AVERAGE | EQUAL | | EQUAL | | EQUAL | |
| Age | A26-E12 | E-15 | | E-15 | | E-15 | |
| Condition | AVERAGE | AVERAGE | | EQUAL | | EQUAL | |
| Above Grade | Total Bdrms Baths | Total Bdrms Baths | | Total Bdrms Baths | | Total Bdrms Baths | |
| Room Count | 6 3 2 | 7 4 2 | | 6 3 2 | | 6 4 2 | |
| Gross Living Area | 1,436 Sq. Ft. | 1,101 Sq. Ft. | +10,050 | 1,088 Sq. Ft. | +10,440 | 1,165 Sq. Ft. | +8,130 |
| Basement & Finished | NONE | NONE | | NONE | | NONE | |
| Rooms Below Grade | NONE | EQUAL | | EQUAL | | EQUAL | |
| Functional Utility | AVERAGE | EQUAL | | EQUAL | | EQUAL | |
| Heating/Cooling | NONE | NONE | | NONE | | NONE | |
| Energy Efficient Items | NONE | NONE | | NONE | | NONE | |
| Garage/Carport | EXT. CPT. | AL. CPT. | +1,500 | EXT. CPT. | | ONE CARPORT | +200 |
| Porch, Patio, Deck, Fireplace(s), etc. | 242 SF PORCH NONE | PORCH/INF None | +2,000 | PORCH/INF. None | +2,000 | PORCH/INF. None | +1,000 |
| Fence, Pool, etc. | PA,IWG,STG | AL.TCE. | | Inferior | +3,000 | EQUAL | |
| REMODELATED BATHS | & KITCHEN | Inferior | +6,000 | Inferior | +6,000 | Inferior | +6,000 |
| Net Adj. (total) | | ☒+ ☐− $ | 20,740 | ☒+ ☐− $ | 27,560 | ☒+ ☐− $ | 17,115 |
| Adjusted Sales Price of Comparable | | Net 22.1 % Gross 22.1 % $ | 114,740 | Net 32.4 % Gross 32.4 % $ | 112,560 | Net 18.4 % Gross 18.4 % $ | 110,115 |

Comments on Sales Comparison (including the subject property's compatibility to the neighborhood, etc.): COMPARABLES ARE LOCATED AT THE SAME DEVELOPMENT AND ARE GOOD INDICATOR OF VALUE FOR THE SUBJECT PROPERTY. A RANGE OF VALUE FROM $110,115 TO $114,140 IS DEMONSTRATED WITH A MOST PROBABLE SALE PRICE OF $113,000 FOR SUBJECT PROPERTY. THE SITE WAS ADJUSTED AS SUBJECT UNITARY. G.L.A. ADJUSTED @ $ 30/S.F DUE TO SIZE. OTHER IMPROVEMENTS WERE ADJUSTED AS THEIR CONTRIBUTORY VALUE SALE VS. SUBJECT. PERSONAL PROPERTY IS NOT INCLUDED IN VALUE ESTIMATE.

| ITEM | SUBJECT | COMPARABLE NO. 1 | COMPARABLE NO. 2 | COMPARABLE NO. 3 |
|---|---|---|---|---|
| Date, Price and Data Source, for prior sales within year of appraisal | NONE N/A N/A | NONE N/A N/A | NONE N/A N/A | NONE N/A N/A |

Analysis of any current agreement of sale, option, or listing of subject property and analysis of any prior sales of subject and comparables within one year of the date of appraisal: NO PRIOR SALES OF THE SUBJECT AND COMPARABLES OCCURED WITHIN THE LAST YEAR.

| | | |
|---|---|---|
| INDICATED VALUE BY SALES COMPARISON APPROACH | $ | 113,000 |
| INDICATED VALUE BY INCOME APPROACH (if Applicable) Estimated Market Rent $ 800 /Mo. x Gross Rent Multiplier N/A = $ | | |

This appraisal is made ☒ "as is" ☐ subject to the repairs, alterations, inspections or conditions listed below ☐ subject to completion per plans & specifications.

Conditions of Appraisal: BOTH COST APPROACH AND DSC SUPPORT FINAL ESTIMATED OF VALUE. THIS APPRAISAL REPORT IS FOR INTERNAL CLIENT DECISIONS.

Final Reconciliation: THE MARKET DATA APPROACH IS CONSIDERED THE MOST RELIABLE INDICATOR OF VALUE FOR THIS TYPE OF PROPERTY. THE INCOME APPROACH WAS NOT DEVELOPED DUE THAT THE PROPERTY IS NOT AN INCOME PRODUCING. EDGARD HERNANDEZ LAUREANO PROVIDED SIGNIFICANT ASSISTANCE FOR THIS APPRAISAL.

The purpose of this appraisal is to estimate the market value of the real property that is the subject of this report, based on the above conditions and the certification, contingent and limiting conditions, and market value definition that are stated in the attached Freddie Mac Form 439/FNMA form 1004B (Revised 6/93 ).

I (WE) ESTIMATE THE MARKET VALUE, AS DEFINED, OF THE REAL PROPERTY THAT IS THE SUBJECT OF THIS REPORT, AS OF AUGUST 31, 1999 (WHICH IS THE DATE OF INSPECTION AND THE EFFECTIVE DATE OF THIS REPORT) TO BE $ 113,000

## RECONCILIATION

| APPRAISER: | SUPERVISORY APPRAISER (ONLY IF REQUIRED): | |
|---|---|---|
| Signature | Signature | ☐ Did ☒ Did Not Inspect Property |
| Name EDGARD HERNANDEZ LAUREANO | Name PEDRO LUIS JIMENEZ | |
| Date Report Signed AUGUST 31, 1999 | Date Report Signed AUGUST 31, 1999 | |
| State Certification # ASSISTANT APPRAISER | State Certification # 48 | State P.R. |
| Or State License # | Or State License # 171 | State P.R. |

| | | | |
|---|---|---|---|
| Borrower/Client | JORGE DIAZ | | |
| Property Address | 116-A, #10, 73-B ST., VILLA CAROLINA | | |
| City CAROLINA | County CODE # 031 | State P.R. | Zip Code 00985 |
| Lender PERSONAL | | | |



### Subject Front

| | |
|---|---|
| 116-A #10 73-B ST. VILLA | |
| Sales Price | N/A |
| Gross Living Area | 1,436 |
| Total Rooms | 6 |
| Total Bedrooms | 3 |
| Total Bathrooms | 2 |
| Location | AVERAGE |
| View | STREET |
| Site | 412 SM |
| Quality | AVERAGE |
| Age | A26-E12 |



### Subject Rear



### Subject Street

## Comparable Photo Page

| | |
|---|---|
| Borrower/Client | JORGE DIAZ |
| Property Address | 116-A, #10, 73-B ST., VILLA CAROLINA |
| City CAROLINA | County CODE # 031     State P.R.     Zip Code 00985 |
| Lender PERSONAL | |



### Comparable 1

7-13, 30 ST. VILLA

| | |
|---|---|
| Prox. to Subject | SAME DEV. |
| Sale Price | 94,000 |
| Gross Living Area | 1,101 |
| Total Rooms | 7 |
| Total Bedrooms | 4 |
| Total Bathrooms | 2 |
| Location | AVERAGE |
| View | EQUAL |
| Site | 398/COR. |
| Quality | EQUAL |
| Age | E-15 |

### Comparable 2

10-19, 28 STREET

| | |
|---|---|
| Prox. to Subject | SAME DEV. |
| Sale Price | 85,000 |
| Gross Living Area | 1,088 |
| Total Rooms | 6 |
| Total Bedrooms | 3 |
| Total Bathrooms | 2 |
| Location | AVERAGE |
| View | EQUAL |
| Site | 340 S/M $95 |
| Quality | EQUAL |
| Age | E-15 |

### Comparable 3

80-10, 85 ST.,

| | |
|---|---|
| Prox. to Subject | SAME DEV. |
| Sale Price | 93,000 |
| Gross Living Area | 1,165 |
| Total Rooms | 6 |
| Total Bedrooms | 4 |
| Total Bathrooms | 2 |
| Location | AVERAGE |
| View | EQUAL |
| Site | 391/COR |
| Quality | EQUAL |
| Age | E-15 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

IN RE:

JORGE L DIAZ FIGUEROA

CASE: 08-07137 SEK

DEBTOR

CHAPTER 13

## STATEMENT UNDER SANCTIONS OF PERJURY

I, Jorge L. Diaz Figueroa, of legal age, divorced, disabled and resident of Carolina, Puerto Rico under sanctions of perjury state as follows:

1. I am the father of Sylvia M. Diaz Rivera who is 26 years of age, single and a graduate student of Criminal Justice at InterAmerican University in Rio Piedras, PR.

2. My daughter lives with her mother who is now unemployed.

3. I pay $300.00 a month to support my daughter while she studies.

4. In addition I help her with out of pocket expenses for books, snacks, gasoline, etc.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

January 22, 2009

_____
Jorge L. Diaz Figueroa